IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-11200

Summary Calendar

---

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee

versus

JOSÉ JUAN TORRES,

                                    Defendant-Appellant

---

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 4:99-CR-43-2-Y

---

August 29, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

José Juan Torres appeals his conviction for possession with the intent to distribute marijuana, arguing that the district court erred in denying his motion to suppress. We reject the Government's contention that Torres waived his argument.

In reviewing a ruling on a motion to suppress, we review questions of law de novo, while accepting the trial court's factual

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings unless they are clearly erroneous.[1] After making such a review, we conclude that the detention did not exceed the permissible scope of the intrusion,[2] as the state trooper diligently pursued a means of investigation that was likely to dispel his suspicions quickly, during which time it was necessary to detain the suspect.[3]

Moreover, Torres consented to extending the duration of the stop, indicating that he did not mind if Officer Forrest inspected the trailer. The district court's determination that Torres's consent was voluntary was amply supported by the evidence and was not clearly erroneous.[4] The judgment of the district court is therefore AFFIRMED.

AFFIRMED.

---

[1] *See United States v. Castro*, 166 F.3d 728, 731 (5th Cir.) (en banc), *cert denied*, 120 S. Ct. 78 (1999).

[2] The search in the instant case is governed by the standards outlined in *Terry v. Ohio*, 392 U.S. 1 (1968).

[3] *See United States v. Sharpe*, 470 U.S. 675, 680, 686-87 (1985).

[4] *See United States v. Shabazz*, 993 F.2d 431, 438 (5th Cir. 1993).